UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TERRELLE A. TULLIS,
    Plaintiff,

v.

CASE NO: 4. 19 CV 225 RH-HTC
TO BE ASSIGNED
"JURY TRIAL DEMANDED"

JULIE L. JONES, et al.,
L.T. MATTHEW WILSON,
SGT. CARRY STONER,
Gulf Prison Inspector, TRACY THURSBAY
CPT. GREGORY DUKES,
OFC. BRYAN DAVIS,
OFC. KEVIN HART,
OFC. MR. KNOCKS,
OFC. MR. NORTH,
SGT. MRS. K. PELT,
OFC. MRS. A YON,
OFC. EARL KNOBEL,
    Defendant(s).
_____ /

## PLAINTIFF'S CIVIL RIGHTS LAWSUIT

Plaintiff, Terrelle A. Tullis, pro-se, in the instant civil rights lawsuit files this complaint pursuant to all Federal Statutes that are cited within the Jurisdiction. The Plaintiff brings this complaint against the Secretary of the Florida Department of Corrections, Defendant Julie Jones, and collectively each of the Defendant's, Sgt. Carry Stoner, Defendant Cpt. Gregory Dukes, Defendant Sgt. William Adcock, Defendant Ofc. Bryan Davis, Defendant Ofc. Kevin Hart, Defendant Ofc. Mr. Knocks, Defendant Ofc. Mr. North, Defendant Sgt. Mrs. K. Pelt, Defendant

Ofc. A. Yon, Defendant Ofc. Earl Knobel, and in support thereof this litigation the Plaintiff states as follows:

1.     This is a civil action for monetary damages for Defendants deliberate indifference to the Plaintiff Terrelle A. Tullis serious medical needs, and the magnitude of illegal physical abuse that caused the permanent disfigurement that creates continued pain and need for laser surgery in hopes to repair the damaged areas in his back as shown by MRI tests after the abuse and excessive use of force was used against me and caught on camera while incarcerated at Gulf Correctional Institution in the state of Florida on the date of 9-11-2016.

The Defendant(s) have breached policies, practices and violated clear constitutional rights under the Eighth Amendment to the United States Constitution.   The resulted abuse has caused the Plaintiff Terrelle A. Tullis to suffer severe hardship in walking and has totally prohibited playing of sports of any kind more the MRI revealed severe damage to the disc in my back, from the beating of the Defendants, the damage is obviously permanently a plain form of chronic pain which given the substantial risk of the back injury getting worse without treatment by physical therapy and laser surgery.

2.     The Plaintiff, notes that because the Defendant(s) conspired with each other and medical personnel, at the Gulf Correctional facility, the injuries that I Terrelle A. Tullis sustained was suppressed until seen by another care provider.

Just as there was another investigation into the matter and the medical injuries were discovered which now the side effects of delayed medical care breached the medical standard of care which I greatly needed and the Defendant(s) had the financial ability to provide the treatment to me, Terrelle A. Tullis and originally did not in attempt to cover for the excessive use of illegal force used by the Defendant(s) asserted within the body of this litigation.

3.      The Defendant(s) deliberate indifference to Plaintiff Mr. Terrelle Tullis serious injury and or medical needs caused by the Correctional Officers physical beating and abuse during the date of 09-11-2016, violates the Eighth Amendment to the United States Constitution, and several state tort laws.

Further, the Defendant(s) conduct was intentionally concealed as it took many outside family calls to have a second prison inspector order additional video camera footage and at that time it was reviewed and discovered that prison officers, the Defendant(s), and all their conspiring counter partners had not given a correct account of the events of abuse and the force was found to be obviously <u>adequate</u> and a violation of the Florida Department of Corrections policy on care, custody and control.

The Defendant(s) did commit fraud by lying about the incident and falsified documents which is a violation of Florida Department of Corrections regulations and did deny me, Terrelle A. Tullis, the Plaintiff procedural due process and equal

protection of law pursuant to the 14th Amendment to the United States Constitution; therefore, cause excessive disciplinary confinement and loss of privileges, physical injury with permanent disfigurement as cruel and unusual punishment also violating the Eighth Amendment to the United States Constitution.

4.     The deliberate indifference, and discrimination against the Plaintiff Terrelle A. Tullis along with the physical abuse and breach of public trust in their official capacity their violations warrant no kind of immunities as an individual or in their official capacity.  Where evidence of physical abuse and fraud have been alleged in an exposure of a criminal scandal to intentionally hide illegal use of force and abuse while under contract to protect and care for the same person whom was inflicted the vicious physical beating which gave way to permanent disfigurement and discrimination of care to help the officer/individuals who cause the injury that went untreated properly for over 300 days even though medical help was sought, many requests were originally thrown away or ignored to down play the massive level of the beating the Plaintiff Terrelle A. Tullis received from the Defendant(s).  The Defendant(s) whom may not have been striking him, as others and declared Defendant(s) because they played the roll as look outs and either falsified written accounts of the actual beating or verbally assisted other Defendant(s) in evading sanctions and prosecution by providing false information

or claiming to have not seen any excessive use of force provisionally yet a second investigation into the camera footage of the incident showed there was a cover-up of how the abuse took place and who provisionally saw it and failed to cease it or stop it from crossingover the lines as to be declared criminal conduct. It is known criminal conduct because the accounts which made the abuse out right illegal was deliberately hidden from the Plaintiff's family, from the secondary inspector by the first inspector himself who is believed to have been helping assist in the cover-up of the particular abuse of inmate scandal; either way the known Defendant(s) are caught on camera and this lawsuit for damages is instituted in good faith to remove the criminal Defendant(s) from their position of employment that they each have chosen to use in violation of constitutional rights and Florida Statutes that prohibit the malice and wonton behavior alleged herein from being displayed during on duty official capacity of the Florida Department of Corrections facilities, and even as an <u>individual</u> outside such facilities as Aggravated Battery with Great Bodily Harm pursuant to Florida Statutes #   784.45   . Further, falsifying records of an individual in the care and custody of a State Agency is also a felony offense pursuant to Florida Statute § 839.13 (2)(a). Wherefore, the Florida Department of Corrections prison system is an official State Agency and every Correctional Institution it has does fall within the provisions of this Florida Statute. Collectively, the Defendant(s) are each negligent and liable.

5.     Therefore, this civil litigation for monetary damages against the Defendant(s) <u>deliberate</u> indifference to Plaintiff Terrelle A. Tullis follows as the need for surgery to the injury caused by the physical abuse remains <u>absent</u> valid treatment due to surgery being the only possible cure and pain reducer cause suffered on the date of 9-11-2016.

JURISDICTION AND VENUE

6.     This Honorable Court has Jurisdictional basis for civil rights action under 28 U.S.C. Section 1331, which covers all Federal constitutional and statutory claims.  Further, 28 U.S.C. Section 1343 (a)(3), provides this Honorable Court with Jurisdiction to hear claims brought against state officials when acting "under color of state law, statute..."  "This Court has supplemental Jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. Section 1367, "because such issues or claims are so related to the claims within the Court's Jurisdiction that they form part of the same case controversy.

7.     Plaintiff, Terrelle A. Tullis, claims for relief are predicated, in part, upon 42 U.S.C. Section 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured by the U.S. Constitution and Law of the United States.

8.     Venue is properly established in the United States District Court Northern District of Florida, which is this particular Judicial District pursuant to 28

6

U.S.C. Section 1391 (b)(2) because a substantial part of the events and or omissions giving rise to the claims occurred in this District.  Further, 28 U.S.C. Section 1391 (c) grants right to this venue as the Defendant(s) do business or reside in this Judicial District and/or Division, and many of the events or omissions given rise to the claims occurred in this Judicial District and or Division.

9.    Plaintiff, Terrelle A. Tullis, has diligently sought to satisfy all conditions precedent prior to filing this Section 1983.

However, to the extent any condition precedent has not been satisfied, this is a notice that full procedural history was done with all administrative filing done at the institutional level then moving into the following Judicial proceedings provided a course of action for constitutional violations alleged herein.

## PARTIES TO THE LITIGATION

10.    At all times material hereto, Plaintiff Terrelle A. Tullis, is a citizen of the United States.  The Plaintiff resided in the Florida Department of Corrections at all relevant times in this action.  Noting during his time in the Florida Department of Corrections, Mr. Terrelle A. Tullis suffered from the physical abuse caused on the date of 9-11-2016 which happened first but became an investigation totally separate in legal provisions of law falling under the Zero Tolerance for Sexual Assault on Inmates Act known as PREA.  Prison Rape Elimination Act.  The Plaintiff, Mr. Tullis, submitted a claim under PREA due to a sexual battery being

7

attempted against him and it was alleged that officers whom work at Gulf Correctional Institution placed an inmate in the cell with the Plaintiff and requested such inmate to attack Mr. Tullis. Therefore, Mr. Tullis filed a complaint which now has become a subject of a totally different lawsuit but was relevant to bring up because the instant lawsuit pursuant to 42 U.S.C. Section 1983 is based on the physical abuse believed to be based on retaliation from Gulf Correctional officers in less then 60 days after the PREA allegations.

11.     The Plaintiff, Terrelle A. Tullis continues to suffer as a direct result of Defendant(s) actions and/or policies, practices and customs which are indeed made void by the lack of care and also the out of control personal conduct of the officials/Defendant(s) who acted illegally in their official and individual capacity as employees of the Florida Department of Corrections.

12.     At all times material hereto, Defendant Julie L. Jones ("Ms. Jones") acted in her official capacity and individual capacity as Secretary for the Florida Department of Correction. She was and is responsible for the general oversight of the FDC, maintenance of the FDC security and the functions to ensure the safety and well-being of the prisoners. Ms. Jones' duties require compliance with both the United States Constitution and Federal Laws, including the duty to ensure that prisoners are provided with constitutionally adequate medical care. Ms. Jones was acting within the scope of her employment and acting under color of state law, to

8

wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Florida. Ms. Jones is a resident of Florida. The Plaintiff, Terrelle A. Tullis, has complied with the notice requirements of Section 768.28 of the Florida Statutes by sending notice by certified mail to Ms. Jones, pursuant to Section 768.28 of the Florida Statutes, Ms. Jones does not have immunity for violating civil rights of citizens and has waived sovereign immunity for negligent acts, omissions or intentional torts of its employees arising out of and in the course of the scope of their employment.

13.    At all times material hereto, Defendant Sgt. Carry Stoner, was the on duty Sgt. At Gulf Correctional Institution (Annex) and is an employee. Sgt. Carry Stoner was also a resident of Florida. Mr. Stoner acted within the scope of his employment and under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Florida.

14.    At all times material hereto, Defendant Officer Earl Knobel was the on duty Officer at Gulf Correctional Institution (Annex) and is an employee. Officer Earl Knobel was also a resident of Florida. Mr. Knobel acted within the scope of his employment and under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Florida.

15.   At all times material hereto, Defendant Captain Gregory Dukes, was the on duty Captain of operation at Gulf Correctional Institution (Annex) and is an employee.  Officer, Captain Gregory Dukes, was also a resident of Florida.  Mr. Dukes acted within the scope of his employment and under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Florida.

16.   At all times material hereto, Defendant Officer Bryan Davis, was the on duty officer at Gulf Correctional Institution (Annex) and is an employee. Officer Bryan Davis was also a resident of Florida.  Bryan Davis acted within the scope of his employment and under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Florida.

17.   At all times material hereto, Defendant Officer Mr. Hart was the on duty officer at Gulf Correctional Institution (Annex) and also an employee.  Mr. Hart was also a resident of Florida.  He acted within the scope of his employment and under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Florida.

18.   At all times material hereto, Defendant Officer Mr. Knocks was the duty officer at Gulf Correctional Institution (Annex) and also an employee.  Mr. Knocks was also a resident of Florida.  He acted within the scope of his employment and

10

under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Florida.

19.     At all times material hereto, Defendant Officer Mr. North was the duty officer at Gulf Correctional Institution (Annex) and also an employee.  Mr. North was also a resident of Florida.  He acted within the scope of his employment and under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Florida.

20.     At all times material hereto, Defendant Officer Mrs. A. Yon  was the duty officer at Gulf Correctional Institution (Annex) and also an employee.  Mrs. A. Yon was also a resident of Florida.  She acted within the scope of her employment and under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Florida.

21.     At all times material hereto, Defendant Sgt. Mrs. K. Pelt was the duty sergeant at Gulf Correctional Institution (Annex) and also an employee.  Mrs. K. Pelt was also a resident of Florida.  She acted within the scope of her employment and under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Florida.

22.     At all times material hereto, Defendant Sgt. Mr. William Adcock was the on duty sergeant at Gulf Correctional Institution (Annex) and also an employee.  Officer sergeant William Adcock was also a resident of Florida.  He

acted within the scope of his employment and under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Florida.

23.     The Plaintiff, Terrelle A. Tullis provides that at all times material hereto, each of the Defendant(s) identified is a resident of Florida.  The Plaintiff Terrelle A. Tullis, prisoner inmate DC # X37810 has complied with the notice requirements of Section § 768.28 of the Florida Statutes by sending notice by certified mail to:  Julie L. Jones, Secretary, Defendant Lt. Matthew Wilson, Defendant Sgt. Carry Stoner, Defendant Capt. Gregory Dukes, Defendant Officer Bryan Davis, Defendant Officer Kevin Hart, Defendant Officer Mr. Knocks, Defendant Officer Mr. William Adcock, Defendant Officer Mr. Dorian North, Defendant Sgt. Mrs. K. Pelt, Defendant Officer Mrs. A. Yon, Defendant Officer Earl Knobel.  Pursuant to Section § 768.28 of the Florida Statutes, making it clear all these Defendant(s) in the instant matter do not have immunity for violating the civil rights of citizens and has waived sovereign immunity for negligent acts, omissions, or intentional torts of its employees arising out of and in the course and scope of their employment, as supervisors themselves or under direct supervision of Julie L. Jones whom was in fact the official Secretary over the Florida Department of Corrections, on the date of 9-11-2016.

24.    Additionally, the Defendant(s) listed below this point are guilty of false creation of records and intentionally concealing the truth, in violation of Federal Constitutional Law and Florida Statute:

L.T. Matthew Wilson, gave an incident report after a phone call received stating that inmate Terrelle A. Tullis was badly beaten and sprayed by staff as part of an Act of Retaliation.

Lieutenant Wilson interviewed inmate Tullis with no noted visual reports of being beaten and inmate Tullis was denied medical treatment even by this Lieutenant even though he was hurt and suffered a very serious back injury. The breach of his official duty came from the lack of care and the outrageous magnitude of physical abuse obviously rendered on camera by Gulf Correctional officers which in order to further cover the abuse scandal L.T. Matthew Wilson said he saw nothing and did not document any information that Terrelle A. Tullis even told him he was hurt and needed treatment.

At all times material hereto, Defendant L.T. Matthew Wilson was the acting Lieutenant at Gulf Correctional Institution (Annex), on the date of 9-11-2016, and he is an employee, officer and a supervisor of operations. Mr. Matthew Wilson was also a resident of Florida to the best of Plaintiff's knowledge and acted within the scope of his employment, and under color of state law, to wit, under

13

color of the statutes, ordinances, regulations, policies, customs and usages of the State of Florida.

The Plaintiff Terrelle A. Tullis, advises that the Office of the Inspector General underwent a breach of trust as Inspector Tracy Thursbay rendered an initial review of the abuse against inmate Terrelle. A. Tullis, and during the use of force investigation under # 16-17222, there was an inquiry that appeared to be subject to intentional concealment and misinformation which based on the camera evidence Tracy Thursbay should have obviously been able to identify that the officers involved in the use of force against inmate Terrelle A. Tullis were acting illegally and were hiding the facts of what really happened.  The camera footage was clearly contrary to the officers reports.  However, Inspector Tracy Thursbay acted with deliberate indifference, and discriminated against inmate Tullis DC # X37810, and covered the physical abuse in her report, Exhibit # E**5** and breach of the public trust in her official capacity.  The violation warrants no kind of immunities as an individual or in her official capacity where evidence of physical abuse had to be discovered by a new secondary Inspector General name Dean Glosson who broke the fraud up and pointed out the whole scandal which proves that even Tracy Thursbay conspired to prevent justice from being done against corrupted officers who permanently disfigured the Plaintiff's back. See Exhibit # D4, Dean Glosson Report.

25.   Prisoner Status:  <u>Convicted and sentenced state prisoner.</u>

26.   Statement of Claim:

I, Terrelle A. Tullis DC # X37810, was going to chow hall for the last meal of the day and once I enter inside I was pull to the side by Mrs. Sancheze telling me to be careful tonight because most of her colleagues were up to with me for having my mother call up to the institution about me not receiving any of my personal property, and warning me that they might write me a false disciplinary report or harm me in a physical way.  I then go back to the dorm-D2 and use the inmate telephone to call home to report what was just spoken to me, to my family that if anything happens to me tonight it's because of retaliation so my family made note of this.  But later that evening around 11:55 pm to 12:03 am, which would now be the next date September 11, 2016, Sgt. Stoner, Carry, enter the dorm yelling and giving orders followed by Cpt. Dykes Gregory, Ofc. Davis Bryan, Ofc. Mr. Hart, Ofc. Mr. Knocks, Ofc. Mr. North, as well as Sgt. Mrs. K. Pelt and Ofc. Mrs. A. Yon who were assign to the dorm.  Now Sgt. Stoner threaten all the inmates by (quoting "He want everybody to take off their T-shirts and shorts down to their boxers and if anyone ask him or one of his officers a question they will get slam on your shit and beat tonight!")  But due to my original issue with the institution for not receiving my personal property, I was unable to comply with the order given so I raise my hands to let Sgt. Stoner, know that I was not disobeying

his order, I was just unable to comply because of my original issue. That's when Sgt. Stoner, see my hand raise he start to approach me in a very fast and aggressive manner by coming straight up in between my bunk 114 and 115u without any warning grabbing me around my throat trying to pull me from off the top bunk. I then began to resist his physical aggression in accordance to the rule that a prisoner may resist an illegal order to protect himself, which is how I landed on my feet causing Sgt. Stoner and myself to stand facing each other which made him become more in a rage toward me because now he was using his handcuff as a weapon by swinging them directly at my face. So I raise my arms to block him from hitting me in my face. Then I move to the side to escape his physical attack thats when the rest of the officer's step up and grab the side of bunk 114 and throws it to the side and rush toward me, some from the front, and some from the back grabbing me at the same time. Thats when I try my hardest to stand to my feet without fighting back, but I'm taken to the ground and over power by their physical attack as I feel them punching and kicking me then Sgt. Stoner runs and jump on my lower part or my back with his knees and whole body weight pressing down into my back then holding my head down with one of his elbow on the back of my neck, then using his other arm to swing at my face hitting me twice then taking out his can of gas and spraying me directly in my eyes and I lose my strength to protect myself from this physical altercation as I'm beaten by all of them. And this should

be taken as my true testimony in this matter.  So according to the statement of facts inside this affidavit, I'm pressing charges against the following correctional officers of Gulf Institution, L.T. Wilson, Cpt. Dykes, Gregory, Sgt. Stoner, Carry, Sgt. Mrs. K. Pelt, Ofc. Mr. Knocks, Ofc. Mr. Hart, Ofc. Davis Bryan, Ofc. Mr. North, Ofc. Mrs. A. Yon, for either actually participating or allowing an illegal assault and battery to take place on myself, Terrelle A. Tullis DC # X37810 in a wrongful use of force, and also against the ones who falsify records in the attempt to cover up this abuse by staff members which occurred on September 11, 2016, provided with a video of the entire incident with the report of the investigation case number #16-1722 by the institution, which is also followed by a medical records of a MRI that was taken on 5-25-2017, at RMC that states the result of my injury that I now sustain due to this assault and battery occurring.

27.   <u>Injuries:</u>  Herniated disc as revealed in MRI report – see attached report – marked Exhibit # A1, MRI report of injury.

28.   <u>Relief:</u>  The Plaintiff Terrelle A. Tullis requests as relief that he be provided the full cost and fees of a laser surgery performed by outside doctors who specialize on herniated discs and nerve root repair which is needed with the surgery.  The Plaintiff also seeks at a minimum $500,000.00 dollars without any medical or attorney fees taken out of that sum.  Further, it is requested that criminal charges are allowed to be pressed against the Defendant(s) whom committed the

committed the abuse and fraud noting fraud has no statute of limitation.  Not in state court § 775.15.

29.   <u>Exhaustion of Administrative Remedies Administrative Procedures</u>:

Please see attachment (Exhibit # B2) as to exhaustion of all remedies. <u>Noting all grievances available at this time for proof of exhaustion in these matters</u>.

A.   The claims are based on the issues that arose while you were confined in a jail, prison, or other correctional facility?

√   Yes, while in a state prison facility.

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

√   Yes.

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

√   No. And to my knowledge the only way to obtain relief in accordance with what I the Plaintiff Mr. Tullis is seeking was to file suit in this Court.

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

√   Yes, at the prison facility the abuse arose.

E.   If you did file a grievance:

1.    Where did you file the grievance?

To the Assistant Warden's Office at Gulf Correctional Institution and then it was reported to the Inspector General's Office for an open investigation.  I, Terrelle A. Tullis, attempted to continue to grievance the matter and was told not to.  See Exhibit # C3.

2.    What did you claim in your grievance?

Please see Exhibit # C3, which is a grievance on the matter.

3.    What was the result, if any?

The result was the abuse case was turned over to the Inspector General which removed power from the institution off top and no further grievance was required but at the same time when the abuse was being investigated it had been discovered by Inspector Dean Glisson that the officers, by name:  Sergeant Cary Stoner, provided false accounts of the abuse and use of force.  Further, Sergeant William Adcock, and Officer Kevin Hart, and Officer Earl Knobel did assist in concealing the truth and never gave accurate accounts of the events of abuse against Terrelle A. Tullis, the Plaintiff in the instant litigation.  Please see Exhibit # D4, which is an official [document from the Inspector General's Officer] revealing the officers did not give an accurate incident report.  There was also more then the 4 officers present in total as listed above by name, and it further

appeared that the entire dormitory was being spoke to instead of the several reported.

      4.     What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  (Describe all efforts to appeal to the highest level of the grievance process).

      I, Plaintiff, Terrelle A. Tullis, filed many grievances, also some were medical related to the injury I sustained.  However, in the overall situation many never were answered and were not returned to me; I did not have copies of all the grievances I wrote, but to establish a basis for this point that I'm stressing this Honorable Court may review grievance in Exhibit # C3; because it will reveal that I was afraid that none of my grievances were making it to the higher authorities over the institution in which I was detained.  So I continued to write until something came to me by mail or verbally by prison personnel.

F.    If you did not file a grievance:

      1.    If there are any reasons why you did not file a grievance?

      I did file grievances and was never responded to, and the other grievances came with a response saying Inspector General Office has this case now, no grievance is required when an active investigation is open

      2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

I filed a grievance and informed M~~rs~~. S. Ponder the Assistant Warden of Gulf Correctional facility.   I, informed my mother Ms. Cornelia McKinney by giving messages to other inmates being released from confinement to open population on where phones are accessed.

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

The only thing that may be relevant is that Exhibit # C3, be reviewed and the right to obtain additional documents from the Inspector General's Office, from Inspector Dean Glisson.

30.   Previous Lawsuits:

To the best of your knowledge have you had a case dismissed based on this "three strikes rule"?

√   No.  I have no lawsuits in the past ever, and have never filed a lawsuit prior in State or Federal Court.

A.   Have you filed other lawsuits in State or Federal Court dealing with the same facts involved in this action?

√   No.

B.   1.   Parties to the previous lawsuit.

Plaintiff(s)   Terrelle A. Tullis

2.     Defendant(s) (1) Julie L. Jones; (2) Sgt. Carry Stoner; (3) Sgt. William Adcock; (4) Sgt. Kevin Hart; (5) Cpt. Gregory Dukes; (6) Ofc. Bryan Davis; (7) Ofc. Mr. Knocks; (8) Ofc. Mr. North; (9) Sgt. Mrs. K. Pelt; (10) Ofc. Mrs. A. Yon; (11) Ofc. Earl Knobel; (12) Lt. Matthew Wilson.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support after reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.     I agree to provide the Clerk's Office with any changes to my address where case related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: _____

Signature of Plaintiff: _____

Prison Identification #: _____X3781O_____

Prison Address:  Hamilton Correctional Institution, 10650 S.W. 46th Street,

Jasper, Florida 32052.

# EXHIBIT A

FLORIDA DEPARTMENT OF CORRECTIONS
**EMERGENCY ROOM RECORD**

**Check all that apply:** ☒ Inmate  ☐ Employee  ☐ Visitor
☒ Post-Use-of-Force Exam  ☐ Injury  ☐ Physical Altercation

All inmates must be examined by medical personnel following a use of force. This includes a visual inspection of the entire body to identify any sign of injury. This exam shall be performed in the medical unit except under unusual circumstance. Injuries shall be documented on the DC4-708, *Diagram of Injury*. If a physician/CA is not present at the time of the exam, a physician/CA **must** review this form and sign it on the next working day.

Time of occurrence: 0013          Time of exam: 1605

Description of occurrence: Styles was hit in the face ℝ Shoulder, ℝ wrist & ℝ lower rib cage during use of force

Post Use of Chemical Agent Instructions: Shower without soap? ☒ N/A  ☐ Yes  ☐ Refused→ ☐ educated on importance of showering
☐ Report any difficulty breathing  ☐ Remain in upright position ☐ Do Not apply lotion to the skin ☐ Splash cool water to eyes 5-10 minutes

Vital Signs:  Temperature 97.7  Pulse 82  Respiration 18  O2 Sat 99 % Blood Pressure 132/84

Arrived via: ☒ Ambulatory  ☐ Stretcher  ☐ Wheelchair  ☐ Other:

Condition on arrival (check all that apply): ☒ Alert  ☒ Oriented x 4 (person, place, time, situation) ☒ Responding to questions verbally
☐ Other (requires description in examinations summary)
☐ C/O pain? If checked, where? face, ℝ shoulder, ℝ wrist, ℝ ribs

Examination summary: A&O  skin W/D/I   No swelling / bruising to face noted
No swelling / bruising noted to shoulder, wrist or ribcage
per complaints.  Legs CTA

Physician notified? ☒ No ☐ Yes  Name: _____  Time: _____

Treatment provided? ☒ No ☐ Yes  If yes, describe: _____

Response to Treatment: N/A

Disposition: ☐ Population  ☒ Confinement  ☐ Infirmary  ☐ Hospital  ☐ Rescue  ☐ Other (explain):

Discharge Instructions and Education: F/U @ S/C PRN

Health Care Provider's Signature and Stamp: _____ S. CLARK, LPN  Date/Time: 5/11/16

Reviewing Physician's Signature and Stamp: P. Miller  P. Miller, MSN, FNP-BC  Date/Time: 9/12/16
Clinical Associate
Gulf CI/ Annex

**Name** Tullis, Terrelle
**DC#** X35813     Race/Sex B/m
**Date of Birth** 12/6/83
**Institution** GCI

Inmate Distribution:  White—Health Record
Canary—Inspector General
Pink—Local Requirements

Employee Distribution:  White—Safety Officer/Designee
Canary—Employee Copy
Pink—DESTROY

DC4-701C (Effective 12/12)

**FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF HEALTH SERVICES**
**DIAGRAM OF INJURY**



Date of occurrence _____9/11/16_____   Time of occurrence _____0013_____

Date injury assessed by medical ____9/11/16____   Time injury assessed by medical __1625__

☒ No injury identified

Description of injury:

_____

_____

_____

_____

_____

Staff Signature ___S. CLARK, LPN___
                    ___GULF CI ANNEX___

Inmate Name __Tullis, Terrelle__

DC# __X37855__    Race/Sex __B/m__

Date of Birth __12/6/83__

Institution __Gulf__

P. Miller, MSN, FNP-BC
Clinical Associate
Gulf CI Annex

This form is not to be amended, revised, or altered without
approval by the Director of Health Services- Administration.

Copies distribution:  White/Health Record   Canary/Inspector General   Pink/Warden or Asst. Warden

DC4-708 (Revised 10/07)

Incorporated by Reference in Rule 33-602.210, F.A.C.

**FOR USE BY RMCH ONLY**

**FLORIDA DEPARTMENT OF CORRECTIONS**
## MRI PATIENT SCREENING

1. Have you ever had surgery or other invasive procedures?   YES   (NO)   If yes, please list below:
   - Type: _____   Date: _____   Type: _____   Date: _____
2. Have you had any previous MRI studies?   YES   (NO)   If yes, please list below:
   - Area of body: _____   Date: _____   Facility Name/Location: _____
3. Are you claustrophobic?   YES   (NO)
   Do you have any of the following?  *All YES answers MUST be reviewed by Tech: Initials   (○)   Date/Time  5/25/17

| | | | | | |
|---|---|---|---|---|---|
| Pacemaker, wires or defibrillator | YES | (NO) | Brain aneurysm clips | YES | (NO) |
| Metal shrapnel or fragments | (YES) | NO | ¢¢'s | Neurostimulator | YES | (NO) |
| Magnetic implant anywhere | YES | (NO) | Mechanical device or pump | YES | (NO) |
| Coil, filter or wire in blood vessels | YES | (NO) | Metal joints, rods, plates | YES | (NO) |
| Implanted catheter or tube | YES | (NO) | Metal screws, clips, etc. | YES | (NO) |
| Artificial heart valve | YES | (NO) | dentures/partial plates/braces | YES | (NO) |
| Penile prosthesis | YES | (NO) | Shunt | YES | (NO) |
| Stent, in blood vessels | YES | (NO) | Pregnant or possibly pregnant | YES | (NO) |
| Hearing aids | YES | (NO) | Diaphragm or intrauterine device | YES | (NO) |
| If Yes to any question, in comments put date of insertion. | | | | | |

| | | |
|---|---|---|
| Have you ever been diagnosed with cancer? | YES | (NO) |
| Have you ever been hit in the face/eye with a piece of metal? | YES | (NO) |
| Do you have any permanent cosmetics? | YES | (NO) |
| Do you have any other pertinent medical history/illnesses? | (YES) | NO |
| Do you have any known drug allergies? | YES | (NO) |
| Have you ever received contrast? | YES | (NO) |
| Do you have diabetes, renal or liver disease? | YES | (NO) |
| Have you ever had a previous allergic reaction to any contrast material? | YES | (NO) |
| Do you have a history of asthma or emphysema? | YES | (NO) |
| Do you have sickle cell anemia? | YES | (NO) |

ALL metallic objects must be removed before the MRI examination, including; jewelry, watch, pens, belt, etc with metal.
Above statement reviewed with patient? Yes  ✓   NO _____   Initials: _____

Patient signature: _Purnell Tullis_   Date: 5-25-17
**When patient is incompetent to affix signature:**
Signature of person authorized to consent for patient: _____   Date: _____
Relationship: _____   Reason Patient cannot sign: _____

Witness Signature: _____   Date 5-25-17

**OFFICE USE ONLY**
Contrast medium used is as follows:   Omniscan _____ ml   Magnavist _15_ ml   Teslascan _____ ml

Expiration date: _2/19_   Lot #: _6(192B_   Injected by: _6_   Time injected: _12ᴼ__
                                                                          (Military Time)

Physician Signature/Stamp _____   Date _____

Inmate Name _Tullis Terrelle_
DC# _X37810_   Race/Sex _____
Date of Birth _12-06-83_
Institution _____

**FOR USE BY RMCH ONLY**

DC4-0031 (Revised 8/8/13)
This form is not to be amended, revised, or altered without approval of the Director of Health Services Administration.



## SCHRYVER MEDICAL, LLC

a Trident USA HEALTH SERVICES company

**800-638-3240**

**Radiology Interpretation**

---

**PATIENT NAME:** TERRELLE TULLIS
**DATE OF BIRTH:** 12/06/1983
**ID/MRN:** X37810
**PHYSICIAN:** !New/Details in Comments
**FACILITY:** RMC - MAIN HOSPITAL RM: CENTURY , FL
**DATE OF SERVICE:** 05/25/2017 12:02:43
**HISTORY:** CENTURY; LUMBAR PAIN WITH RADICULOPATHY

---

# SIGNIFICANT FINDINGS

**MRI LUMBAR SPINE WITH AND WITHOUT CONTRAST:**
Multiplanar imaging is obtained. Unfortunately the significant motion artifact present. Study is performed without and with contrast.

L1-2 demonstrates no focal disc herniation foraminal spinal stenosis.

L2-3 demonstrates no focal disc herniation, foraminal or spinal stenosis.

L3-4 demonstrates no focal disc herniation, foramina or spinal stenosis.

L4-5 demonstrates no focal disc herniation, foraminal or spinal stenosis. Mild facet arthropathy is noted causing minimal canal encroachment but without definite foraminal or spinal stenosis.

L5-S1 demonstrates a central and left paracentral broad-based disc herniation to be present. Facet arthropathy contributes to this appearance as well. Severe left foraminal and moderate right foraminal stenosis are seen.

**IMPRESSION:**
Broad-based L5-S1 HNP which is predominantly central left paracentral in location.
Severe left foramina stenosis and lateral recess stenosis identified.

---

**Electronically Signed By:** Dr. Robin Connolly M.D. 05/25/2017 17:25:37 MDT

Dr. Connolly notified Rapid Radiology System of significant findings. Rapid Radiology System notified Breanna Knowles ((866)373-9729) at Schryver Medical FL Corrections of significant findings at 2017-05-25 18:43:27.

This transmission is proprietary, privileged and confidential. It is intended to be communication only for the use of the addressee; access to this message by anyone else is unauthorized. If you are not the intended recipient and have received this communication in error, please notify us immediately. Any other action taken, including but not limited to the disclosure, copying or distribution of this communication is prohibited by law.
Our radiologists are not present during administration of contrast materials and therefore not responsible for technical component of this examination. Interpretation is based only on images and history submitted.

Sheila Szalal ARNP-BC
Century CI

Szalai NP
5/26/17

at RMC

# EXHIBIT B

RE'd 8-15-17   CC

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

209-1707-0152

7/20/17

| Mail Number: _____ |
| Team Number: _____ |
| Institution: _____ |

| TO: (Check One) | ☐ Warden ☑ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other _____ |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Terrelle Tullis | X37810 | K1203L | N/A | 7-20-17 |

**REQUEST**          Check here if this is an informal grievance ☑

I'm filing this follow up complaint Against Gulf Correction institution for Allowing Sgt. Stoher, Carr, Offc Davis, B. Knocks, North, Heart, Van Pelt, And Cpt. Duckes, to Attack And cause injuring to me in A wrongful use force that was caught on camera inside of D2 dorm at the main unit by denying me the Right to grieft this issue with the institution on the following dates. 9-14-16, 9-16-16, 9-17-16, 9-18-16, 9-19-16, 9-21-16, 9-30-16. can I please get some help on this issue!

Thank You,
Terrelle Tullis
C.C.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _Terrelle Tullis C.C.___   DC#: X37810

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE                    DATE RECEIVED: _____

Your informal grievance has been received, reviewed and evaluated. This grievance is being returned without further processing. Per DC Rule Ch. 33-103.011(1)(a), "Informal Grievances - must be received within 20 days of when the incident or action being grieved occurred…"

~~Note: attached is a copy of the informal you filed at Gulf C.I. concerning this same incident. It has been reported, that was the response you received.~~

[The following pertains to informal grievances only:     returned

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): K. Box | Official (Signature): | Date: 7/28/17 |

---

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)                    Incorporated by Reference in Rule 33-103.005, F.A.C.

# INMATE REQUEST

### STATE OF FLORIDA
### DEPARTMENT OF CORRECTIONS

Mail Number: _____
Team Number: _____
Institution: _____

**TO:** (Check One)
☐ Warden
☑ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other

**FROM:** Inmate Name
TERRELLE TULLIS

| DC Number | Quarters | Job Assignment | Date |
|-----------|----------|----------------|------|
| X37810 | H1-214 | N/A | 9-19-16 |

## REQUEST

Check here if this is an informal grievance ☑

I'm filing this complaint against Sgt Stoner and any other officers that took part in the staff Abuse on me which was caught on camera on 9-11-16 Approximately At 12:12 AM for causing me All type of physical internall medical problems due to the physical staff Abuse toward me on the above date And Against Any Retaliation now or in the never future involving Any officers.

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): _Terrelle Tullis_      DC#: X37810

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

RECEIVED
ASST. WARDENS OFFICE

DATE RECEIVED SEP 23 2016

OPERATIONS

This incident has been reported to the Inspector General's office and there is currently an active investigation. It is not necessary to keep reporting it over and over.     Inv #16-17222

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _Returned_ (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): _____

Official (Signature): A Mears Sgt.    Date: 9-23-16

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.
Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or Inspector General as applicable. The request for administrative remedy or appeal must be received no later than 15 days after the grievance is responded to. If the fifteenth day falls on a weekend or holiday, the due date shall be the next regular work day.

109-1609-0118

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number: _____
Team Number: _____
Institution: ~~ANNEX LAW LIBRARY~~ Hamilton C.I.
(Annex)

| TO: (Check One) | ☐ Warden<br>☑ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☐ Mental Health | ☐ Dental<br>☐ Other _____ |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Terrelle Tullis | DC Number<br>X37810 | Quarters<br>349L<br>G3-324 | Job Assignment<br>N/A | Date<br>2-11-2019 |
|---|---|---|---|---|---|

**REQUEST** Sir,                                             Check here if this is an informal grievance ☐

This request is for the Record, and or Written reports of evidence store in the chain of custody of the Inspector General, as such investigation that took place in relation to the Staff Abuse caught on Camera on 9-11-2016. Approximately 12:12 am. I would Like to obtain the I.G. full investigation and conclusion, It's believed to be under # 16-17222.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _Terrelle Tullis_                    DC#: X37810

---

**DO NOT WRITE BELOW THIS LINE**

---

**RESPONSE**                                        DATE RECEIVED: _____

Refer to FAC 33-102.101 And submit your records request to the proper Department. Hamilton Correctional does not have access to this case

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): _Hamlin_     Official (Signature): _____     Date: 3/5/19

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

# EXHIBIT C




FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF THE INSPECTOR GENERAL
**CASE SUMMARY REPORT**

## V.        PREDICATE

On or about November 7, 2016, the Department of Corrections, Office of the Inspector General (OIG) received a request from the Use of Force Unit for further investigation into Use of Force 16-17222, which involved Inmate Terrelle Tullis DC# X37810. Upon initial review of the information, the Office of the Inspector General (OIG) assigned an inquiry to Inspector Tracy Thursbay and was upgraded to an administrative investigation on December 5, 2016.

## VI.        SUMMARY OF INVESTIGATIVE FINDINGS

Based on the exhibits, witnesses' testimony, subject officer's statements, and the record as a whole, presented or available to the primary inspector, the following findings of facts were determined:

Inspector Thursbay reviewed with fixed wing video for Use of Force 16-17222 with the following noted:

On September 11, 2016, at approximately 12:00 a.m. (video time), Captain Gregory Dykes, Sergeant Cary Stoner, Sergeant William Adcock, Officer Earl Knobel, Officer Kevin Hart, and Officer Dorian North entered D-Dormitory side 2, and it appeared all of the inmates were being instructed to remove all of their clothing with the exception of their boxers and sit on their bunks.

At video time 12:12 a.m., Sergeant Stoner walked to the back of the dormitory and it appeared Sergeant Stoner was pointing and talking to a specific inmate. The camera view did not capture the inmate Sergeant Stoner appeared to be speaking to.

At video time 12:14 a.m., Sergeant Stoner stepped out of camera view between the bunks and Sergeant Adcock, Officer Hart, and Officer Knobel responded to the same area as Sergeant Stoner with Officer North standing off to the side. A bunk was pushed over to one side and it appeared Inmate Terrelle Tullis's body was pushing into Sergeant Stoner's body causing both Inmate Tullis and Sergeant Stoner to struggle as Sergeant Stoner stumbled backwards. Sergeant Stoner held Inmate Tullis close to his body by wrapping his left arm around Inmate Tullis's head and Inmate Tullis's arms were around Sergeant Stoner's upper shoulders and middle section. Both Inmate Tullis and Sergeant Stoner fell to the floor with Officer Knobel attempting to wrap his arms around Inmate Tullis's middle section from behind. Inmate Tullis, Officer Knobel, and Sergeant Stoner fell to the floor with Inmate Tullis in a prone position as Sergeant Stoner fell away. Inmate Tullis was noted to be wearing a white T-shirt, blue shorts, and white boxers.

Officer Knobel attempted to gain control of Inmate Tullis's left arm, Officer Hart attempted to gain control of Inmate Tullis's legs, and Sergeant Stoner attempted to gain control of Inmate Tullis's right arm. It appeared Inmate Tullis's hands and arms were under his body as Officer Knobel, Officer Hart, and Sergeant Stoner were being pulled in several directions by Inmate Tullis. When Inmate Tullis began to lye still, it could not be determined if Inmate Tullis's hands and arms were still under his body.

Sergeant Stoner gave multiple knee strikes to Inmate Tullis, which appeared to be given from a crouched position in a downward motion to his upper leg. It appeared Sergeant Stoner was

# EXHIBIT D

INMATE REQUEST    DEPARTMENT OF CORRECTIONS

Mail Number: _____
Team Number: _____
Institution: _____

TO:           ☐ Warden           ☐ Classification      ☐ Medical         ☐ Dental
(Check One)   ☑ Asst. Warden     ☐ Security            ☐ Mental Health   ☐ Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Teddible Tull I | X37810 | V2 130u | N/A | 9-26-16 |

**REQUEST**                                          Check here if this is an informal grievance ☑

I'm filing this complaint against officer R. Davis for open
Retaliation against me because on 9-12-16, At Rosion officer Davis
had to I-gress and for the investigation and then staff assistance
All of my evidence which officer Davis wrote down something but
then once I went to D.R. court on T-20-16 I find out none of my
witness no evidence were call on my behalf, so the investigation that
was done by officer Davis was not properly done on my
behalf when the officer R. Davis write Retaliation against me because when I I filed
my Sentencing papers from D.R. court it show that A proceeding were
never even took place. Due to Retaliation against me I will
all these

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All
informal grievances will be responded to in writing.

Inmate (Signature): _____ C.C.    DC#: X37810

---

**DO NOT WRITE BELOW THIS LINE**                ASST WARDENS OFFICE

**RESPONSE**

DATE RECEIVED:        SEP 28 2016

Forward to Security per Insp. Thursday

Your request for administrative remedy has been accepted, Reviewed and
evaluated, Upon review of the DC6-112A (Disciplinary Investigative Report)
you accepted staff assistance. Assistance was provide by Sgt. Harrison.
On the DC6-112B (Witness Disposition) Sgt. Harrison confirmed with his
signature that you did not have any witnesses. Also on the DC6-151
(Documentary or Physical Evidence Disposition) Sgt. Harrison confirmed with
his signature that you did not have any evidence.

The following pertains to informal grievances only:
Based on the above information, your grievance is _____ denied _____. (Returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): R. Whitaker CCI | Official (Signature): _____ | Date: 10/5/16 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no
later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)                    Incorporated by Reference in Rule 33-103.005, F.A.C.

150-1609-0075

Main Class

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☑ Warden          ☐ Assistant Warden          ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

TULLIS   TERRELLE A.          X37810
Last     First   Middle Initial          DC Number

ASST. WARDEN'S OFFICE
Gulf o Main unit
Institution
RECEIVED
PAGE 2019-017          057
GULF C.I.

_____ Part A – Inmate Grievance _____

I'm Appealing this disciplinary report, LoG. #109-161224 because
I was never given a fair opportunity by the investigating
officer to write my version of the story and neither was
I allow to call any witness's or evidence on my behalf
in this investigation due to the investigation officer being
unprofessional in his duty's was the investigation officer in
this matter pursuant to Rule chapter 33-601.307 (3) I
was denied the right to due process Law by this officer
through retalintion from him Against me.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

10-3-16                          Terrelle Tullis  X37810
DATE                          SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**  _____ / _____
                                                                            #          Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code.  When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office.  The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels.  The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution.  If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: _____     Institutional Mailing Log #: _____     _____
                              (Date)                                                                    (Received By)

DISTRIBUTION:     INSTITUTION/FACILITY          CENTRAL OFFICE
                  INMATE (2 Copies)             INMATE
                  INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
                  INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                                CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)          Incorporated by Reference in Rule 33-103.006, F.A.C.

## PART B - RESPONSE

| TULLIS, TERRELLE | X37810 | 1610-109-017 | GULF C.I. | Y2130U |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy or appeal has been received, evaluated and responded to as follows:

After further review of Disciplinary Report Log#109-161224 for infraction (1-15) Battery/Attempted Battery on an Officer, it has been determined you were given opportunity to provide a statement, witnesses and evidence on your behalf, but according to the paperwork , you did not. You also were given opportunity during your hearing to give a statement.

You have presented no new evidence or witnesses to overturn your guilty verdict.

Based on this information, your Request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining Form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by 33-103.007(3) (a) and (b), and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, Florida 32399-2500.

S. Ponder, Assistant Warden                    J. Blackwood, Warden

| | | |
|---|---|---|
| _Ponder_ | _J. Blackwood_ | _10/7/16_ |
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

# EXHIBIT E

Upon Inspector Dean Glisson's review of Use of Force 16-17222 on inmate TULLIS, Terrelle, DC#X37810, it was observed that there were several Excessive Force MINS associated with the Use of Force. After reviewing the MINS, and receiving several telephone calls from inmate Tullis' parents, I requested additional video coverage of the incident. Upon reading the reports, reviewing the videos, it is recommended that this Use of Force be forwarded for further field investigation. During the additional video coverage, at approximately 12:00am, it appeared that the inmates was lying in their bunks with the dorm lights off. At approximately 12:14am, approximately six (6) Officers entered the dormitory and the lights came on. It appeared that Sergeant Cary Stoner was walking up and down the isles saying something. It appears that the inmates was given instructions to all sit on the side of their beds and then remove all of their clothing with the exception of their boxer shorts.  It was then observed that several Officers using force on an inmate, it should be noted the inmate appeared to be the only inmate that still had a tee shirt and shorts on.. Sergeant Stoner can be seen giving multiple knee strikes to the inmate. It appears that the knee strikes applied was from a standing position and was conducted in a downward jumping motion. It appears that one Officer was holding the inmate's legs, but does not appear to be struggling to maintain control. It appears that handcuffs was applied, and then additional knee strikes was given. It is unknown what the purpose of entering the dormitory at 12:13am, and having all inmates to sit and strip down to their boxers. Sergeant Stoner can also be seen walking around the dormitory holding a ██████ chemical agent canister in his hand and appearing to be saying something.

MINS:

An investigation is requested due to the Incident reports appearing to not be accurate. There were more than four (4) Officers present, and it appeared that the entire dormitory was being spoke to instead of the several reported.

APPENDIX - D
## FLORIDA DEPARTMENT OF CORRECTIONS
### OFFICE OF THE INSPECTOR GENERAL
### CHAIN OF CUSTODY

Case: _16 - 17222_      Inspector: _Use of Force Unit_

Offense: _____      Subject: _I/M Tullis, Terrelle DC#X37810_

Victim: _N/A_      Comments: _____

Evidence Description: _Downloaded disk from ▉ Dorm fix wing_

Location of Evidence Found: _Fixed Wing Video_

---

Recovered by: _Captain Gregory Dykes_    Date: _September 11, 2016_   Time: _2:30AM_

---

From: _Captain Gregory Dykes_        Date: _September 11, 2016_
To: _Secured Video Storage_        Time: _3:00_   a.m.
Method of Transfer: _Hand deposited into storage locker_ Reason for Transfer: _Review_

---

From: _Secured Video Storage_    Date: _9-12-16_
To: _Mitchell Brown Colonel_    Time: _600_    (a.m.)/p.m.
Method of Transfer: _Hand_    Reason for Transfer: _Review_

---

From: _Mitchell Brown Colonel_   Date: _9-16-16_
To: _Sloddey_    Time: _9:00_   (a.m.)/p.m.
Method of Transfer: _____   Reason for Transfer: _____

---

From: _Sloddey_    Date: _9-23-16_
To: _Use of Force Unit_    Time: _1:00_    a.m./(p.m.)
Method of Transfer: _____   Reason for Transfer: _____

---

From: _____    Date: _____
To: _____    Time: _____ a.m./p.m.
Method of Transfer: _____   Reason for Transfer: _____

DCI-801 (Effective 11/13)      Incorporated by Reference in Rule 33-602.203, F. A. C.

Terrelle
Hamilton C.I. Annex
10650 S.W. 46th Street
Jasper, Fla. 32052

MAILED FROM
A STATE
CORRECTIONAL INSTITUTION

MAY 1 7 2018

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF FLORIDA

TALLAHASSEE DIVISION

111 N Adams St.
Tallahassee, FL   32301