UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TERRELLE A TULLIS,

    Plaintiff,

v.                                           Case No. 4:19cv225-RH-HTC

MARK S. INCH,
et al.,

    Defendants.
_____/

ORDER AND
REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action under 28 U.S.C. § 1983 on or about May 17, 2019. ECF Doc. 1. On July 10, 2019, the Court conducted an initial screening of the complaint and entered an order allowing Plaintiff an opportunity to amend the complaint. ECF Doc. 4. Plaintiff filed an amended civil rights complaint on or about August 12, 2019. ECF Doc. 5. The undersigned has screened the amended complaint and respectfully recommends that Plaintiff's claims against Defendants Mark S. Inch and Tracy Thursbay be dismissed under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii) for Plaintiff's failure to state a claim on which relief may be granted. Additionally, the undersigned finds that the amended complaint is sufficient to be served on the remaining nine (9) defendants

and directs the Plaintiff to provide sufficient service copies of the amended complaint, as set forth herein.

## I. Background

Plaintiff is an inmate incarcerated at Hamilton Correctional Institute Annex. His amended complaint names ten officers who worked at Gulf Correctional Institution ("Gulf CI") and Department of Corrections Secretary Mark Inch,[1] and arises out of an incident that occurred at Gulf CI. ECF Doc. 5 at 2-3. The named in the amended complaint are: Lt. Matthew Wilson; Sgt. Carry Stoner; Gulf Prison Inspector, Tracy Thursbay; Captain Gregory Dukes; Officers Bryan Davis, Kevin Hart, Knocks, North, Yon; and Sgt. K. Pett. ECF Doc. 5 at 3. The amended complaint sets forth the factual allegations which follow, the truth of which is accepted for purposes of this order.

Plaintiff alleges that while he was on his way to the chow hall, Mrs. Sanchez, pulled him aside to tell him that her colleagues might write a false disciplinary report on him or harm him for having his mother call the institution about him not getting his personal property. He claims that around midnight that day, Defendant Sgt. Stoner, followed by Defendants Dukes[2], Davis[3], Hart, Knocks, North, Pelt and Yon,

---

[1] Defendant's amended complaint, as his initial complaint, names Julie L. Jones as the Secretary. However, as set forth in the Court's prior order allowing amendment, Mark S. Inch has succeeded Julie L. Jones as the Secretary and thus has been substituted as a party to this action.
[2] Plaintiff identifies Captain Gregory Dukes as Captain Dykes Gregory in the body of his amended complaint.
[3] Plaintiff identifies Bryan Davis as Davis Bryan in the body of his amended complaint.

Case No. 4:19cv225-RH-HTC

entered the dormitory area and instructed all inmates to strip down to their boxers and not to question officers or they will get beat.  Because Plaintiff did not have any personal property, he could not comply with Stoner's orders and raised his hand to let Stoner know of the situation.  Stoner approached Plaintiff in a "very fast and aggressive manner" and "without any warning grabb[ed] [Plaintiff] around [his] throat" in an attempt to pull Plaintiff off his bunk.  Plaintiff resisted Stoner's "physical aggression," which brought him standing face to face with Stoner.  Stoner began using his handcuffs as a weapon and swung them at Plaintiff's face.  Plaintiff blocked his face with his hands and tried to escape the physical attack, which resulted in "the rest of the officer's (sic)" rushing toward him, some from the front and some from the back and grabbing him.  Plaintiff specifically alleges that Stoner ran and jumped on Plaintiff's lower back, pushed on it with his knees, held him down and hit him in the face before spraying his eyes with a chemical agent.  As to the other officers, however, Plaintiff generally alleges he was then taken to the ground and punched and kicked by the officers and "beaten by all of them."

Plaintiff also alleges he was interviewed by Lt. Wilson after the incident and Lt. Wilson completed an incident report stating he saw "nothing."  According to Plaintiff, Lt. Wilson failed to document what Plaintiff had told him about needing treatment.  Plaintiff further contends Lt. Wilson denied Plaintiff necessary medical care even though Plaintiff was hurt and "suffered a very serious back injury."

Case No. 4:19cv225-RH-HTC

With regard to Inspector Thursbay, Plaintiff contends Thursbay initially reviewed Plaintiff's case and "covered [up] the physical abuse in her report." Plaintiff alleges that camera footage clearly shows that he was abused, which directly contradicts Inspector Thursbay's report. The second inspector (Dean Glosson) uncovered the abuse and documented it in his report. Plaintiff references exhibits in support of these contentions, but no exhibits were attached to Plaintiff's amended complaint.

Plaintiff's amended complaint contains no allegations with regard to the Secretary.

Based on the foregoing, Plaintiff alleges Defendants violated his rights under the Eighth Amendment and seeks monetary damages and monetary arrangements to pay for his continual treatment by private doctors. Plaintiff requests a jury trial if a settlement is not reached prior to a trial date.

II.   Analysis

   A.   **Standard of Review under 28 U.S.C. § 1915A and 1915(e)**

Because Plaintiff is a prisoner and is also proceeding *pro se*, the Court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see*

*also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). Also, the Court must read Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove: (1) a violation of a constitutional right; and (2) that the alleged violation was committed by a person acting under the color of state law or a private individual who conspired with state actors. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (per curiam); *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283–84 (11th Cir. 2002).

**B.    Claims Based on the Defendants' Official Capacities**

Plaintiff's amended complaint, read liberally, appears to include claims against the Defendants in both their individual and official capacities. Plaintiff, however, cannot recover against any of the Defendants in their official capacities. As Plaintiff was instructed by the Court when the Court allowed Plaintiff to amend his complaint, claims against Defendants for money damages in their official capacities are barred by the Eleventh amendment absent the presence of very narrow circumstances. ECF Doc. 4 at 5. Those circumstances are not met here because neither the state of Florida nor Congress abrogated state immunity. *Id.* Therefore, Plaintiff's claims against Defendants in their official capacities are barred.

Case No. 4:19cv225-RH-HTC

Accordingly, the undersigned recommends the claims against all Defendants in their official capacities be dismissed.

### C. Claims against Secretary Mark S. Inch

Plaintiff was also instructed by the Court that, "to state a claim against the Secretary . . . , Plaintiff must specifically allege that the Secretary was herself or himself deliberately indifferent to Plaintiffs health or safety or that Plaintiff's injuries were the result of an official policy that the Secretary . . . established." ECF Doc. 4 at 10. Plaintiff's amended complaint, however, fails to allege any facts of specific wrongdoing, or any facts at all for that matter, as to the Secretary.

Additionally, to the extent Plaintiff seeks to hold the Secretary liable for the conduct of others, he cannot do so. "It is axiomatic, in section 1983 actions, that liability must be based on something more than a theory of *respondeat superior*." *H.C. by Hewett v. Jarrard,* 786 F.2d 1080, 1086 (11th Cir. 1986) (citing *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978)). Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988) (per curiam).

There are three established means of demonstrating the requisite casual connection. First, a causal connection may be established "when a history of

widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and [the responsible supervisor] fails to do so." *Gonzales v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003), *abrogated on other grounds by Randall v. Scott*, 610 F.3d 701, 707-10 (11th Cir. 2010) (quoting *Braddy v. Florida Dep't of Labor & Employment Sec.*, 133 F.3d 797, 802 (11th Cir. 1998). The history of widespread abuse must be "obvious, flagrant, rampant, and of continued duration, rather than isolated circumstances." *Id.* Second, a causal connection may be established "when the supervisor's improper custom or policy resulted in deliberate indifference to constitutional rights." *Gonzales*, 325 F.3d at 1234-35 (quoting *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991)) (internal quotation marks omitted). Third, a causal connection may be shown by "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Gonzales*, 325 F.3d at 1235 (citing *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1561 (11th Cir. 1993)).

Here, Plaintiff does not allege any facts to support the existence of, or from which to reasonably infer the existence of, a widespread abuse; a custom or policy that resulted in a constitutional violation; or that the Secretary directed the Defendants to act unlawfully or knew they would do so and failed to stop them.

Case No. 4:19cv225-RH-HTC

Thus, Plaintiff fails to state a claim against the Secretary. *See Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).

### D. Eighth Amendment Claim Against Defendant Thursbay

As set forth above, Plaintiff alleges Defendant Thursbay violated his constitutional rights by covering up the physical abuse in her report of the investigation of the incident. He claims that "based on the camera evidence Tracy Thursbay should have obviously been able to identify that the officers involved in the use of force against [Plaintiff] were acting illegally and were hiding the facts of what really happened." ECF Doc. 5 at 10. Plaintiff alleges Thursbay acted with deliberate indifference.

Plaintiff, however, has not alleged facts sufficient to state a claim against Thursbay for deliberate indifference. Plaintiff has not alleged that Thursbay was present at the time of the incident or was aware of the possibility that the incident would occur. Plaintiff has not alleged that Thursbay failed to prevent harm to the Plaintiff. Thus, Plaintiff has not set forth facts showing Thursbay was aware of a substantial risk of serious harm or acted with "deliberate indifference" to that risk. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1100 (11th Cir. 2014); *Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013) (An official acts with deliberate indifference to a risk where he (1) had subjective knowledge of the risk, (2) disregarded it, and (3) did so "by conduct that is more than gross negligence.").

Case No. 4:19cv225-RH-HTC

Here, Plaintiff takes issue with Thursbay's investigation and report of the incident, but even assuming Thursbay failed to properly investigate the incident, "prisoners do not have a constitutional right to any specific kind of investigation by prison officials." *Fulmore v. Andre*, No. 8:12-CV-1705-T-30EAJ, 2012 WL 4856938, at *3 n.8 (M.D. Fla. Oct. 12, 2012) (citing *Luster v. Jones*, Civil Action No. 2:09-CV-832-TMH, 2012 WL 1987170, at *13 (M.D. Ala. Apr. 30, 2012) ("The failure to properly investigate an inmate's complaint does not rise to the level of a separate constitutional violation. Inmates simply do not enjoy a constitutional right to an investigation of any kind by government officials."). Thus, Plaintiff's amended complaint fails to state a claim against Thursbay.

### III.  Conclusion

For the reasons set forth above, Plaintiff's allegations against Defendant Inch and Thursbay should be dismissed. Plaintiff's claims against all defendants in their official capacities should be dismissed. Plaintiff's claims against Defendants Stoner, Dukes, Davis, Hart, Knocks, North, Pelt, Yon, and Wilson, in their individual capacities, however, may proceed to service.

Plaintiff is not responsible for the costs of service, as he is proceeding *in forma pauperis*. Plaintiff is responsible, however, for providing the Court with nine (9) service copies of his amended complaint (ECF Doc. 5). Upon receipt of the service

copies, the undersigned will direct the United States Marshals Service to serve the Defendants.

Accordingly, it is ORDERED:

1. Within **thirty (30) days** from the date of this order, Plaintiff shall submit to the Court nine (9) service copies of his amended complaint (ECF Doc. 5). The service copies must be identical to the amended complaint filed with the Court. This case number should be written on the copies.

2. Failure to submit the service copies as instructed may result in a recommendation that this case be dismissed due to Plaintiff's failure to prosecute or failure to comply with an order of the Court.

It is also respectfully RECOMMENDED:

1. That Plaintiff's claims against Defendants Inch and Thursbay be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), for Plaintiff's failure to state a claim on which relief may be granted.

2. That the clerk be directed to terminate Inch and Thursbay as Defendants to this action.

3. That Plaintiff's claims against all Defendants in their official capacities be dismissed.

Case No. 4:19cv225-RH-HTC

At Pensacola, Florida, this 28th day of August, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.