IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TERRELLE A. TULLIS,

    Plaintiff.

v.

CASE NO. 4:19-cv-225-RH/HTC

CARY STONER,
GREGORY DYKES, and
DORIAN NORTH,

    Defendants.

_____/

## JURY INSTRUCTIONS

Members of the Jury:

It is now my duty to instruct you on the law that you must follow in deciding the case. When I have finished you will go to the jury room and begin your deliberations.

I have written my instructions and will give each of you a copy for reference during your deliberations. You therefore don't need to take notes; please just pay

close attention as I go through the instructions with you. I'm going to start with general instructions that apply in all civil cases. Then I'll address the claims in this case. Then I'll conclude with general instructions on things like how you will return your verdict.

You must follow the law as I explain it to you whether you agree with the law or not. And you must follow all of the instructions as a whole. You may not single out, or disregard, any instruction. Also, you must not be influenced in any way by sympathy or prejudice for or against the plaintiff or the defendants.

The plaintiff is Terrelle Tullis. The defendants are Cary Stoner, Gregory Dykes, and Dorian North. Every person, regardless of the person's station in life, is entitled to the same fair and unbiased treatment in a court of law. You should treat this as a case among equals.

You must decide the case based only on the evidence presented during the trial. The term "evidence" includes the testimony and the exhibits. What the lawyers say is *not* evidence. It is your own recollection and interpretation of the evidence that controls, not theirs. Also, you should not infer from anything I have

said or done that I have any opinion on the merits of the case favoring one side or the other.

As you consider the evidence, you may make deductions and reach conclusions based on reason and common sense. And you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of a person who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, a fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must *consider* all the evidence, I do not mean you must *accept* all the evidence as true or accurate. You should decide whether you believe what a witness said and how important the testimony was. You may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying on a dispute is not controlling.

In determining the believability of a witness and the weight to be given the

testimony, you may properly consider how the witness acted as well as what the witness said. Some things you should consider are:

(1) Did the witness have an adequate opportunity to see and know the things the witness testified about?

(2) Did the witness have a good memory?

(3) Was the witness honest and straightforward in answering the questions?

(4) Did the witness have an interest in the outcome of the case or any reason not to tell the truth?

(5) Did the witness's testimony seem reasonable, considered in the light of all the evidence and in the light of your own experience and common sense?

(6) Did the witness do or say something at some other time inconsistent with the testimony the witness gave before you during the trial?

If a witness has been convicted of a felony, that is another factor you may consider in deciding whether you believe the witness's testimony.

It is the responsibility of Mr. Tullis, as the plaintiff, to prove every essential part of his claims by the greater weight of the evidence. This is sometimes called

the burden of proof. The greater weight of the evidence means an amount of evidence that is enough to persuade you that a contention is more likely true than not true. In deciding whether a contention has been proved by the greater weight of the evidence, you may consider the testimony of all the witnesses, no matter who called them, and all the exhibits, no matter who introduced them.

Now let me turn to the substance of this case.

Mr. Tullis asserts claims against three defendants—Mr. Stoner, Mr. Dykes, and Mr. North—based on the events of September 11, 2016. Mr. Tullis asserts Mr. Stoner used excessive force and improperly failed to take steps to stop others from using excessive force. Mr. Tullis asserts that Mr. Dykes and Mr. North also improperly failed to take steps to stop the use of excessive force. These are, in effect, three separate claims, one against each defendant. The defendants deny that any excessive force was used.

To decide these claims, you of course must know the meaning of "excessive force." A correctional officer is entitled to use force to bring about compliance with an officer's instructions, or to maintain or restore order, or to avoid harm to

the officer or others. And an officer can use insignificant force—force so minor that it could not cause injury or pain—even without a reason. But an officer cannot use significant force just to punish an inmate or to cause pain or without a proper reason. Excessive force is significant force that is used to punish an inmate or cause pain without a proper reason.

Your verdict will be for Mr. Tullis and against a defendant only if you find by the greater weight of the evidence each of the following:

    First:        Mr. Tullis was subjected to excessive force; and

    Second:    The defendant under consideration was responsible for the excessive force.

An officer is responsible for excessive force if the officer used excessive force. An officer is also responsible for excessive force if the officer knew about the excessive force when it was about to occur or while it was occurring, was in position and had the ability to stop it, and failed to stop it.

You will note that the definition of excessive force I just gave you included no mention of Department of Corrections rules or policies. The issue in this case is whether Mr. Tullis was subjected to excessive force as I have defined it. Whether

officers did or did not comply with Department of Corrections rules or policies is not the issue. You may consider Department of Corrections policies as part of your analysis of what was done and why—but the critical question remains whether Mr. Tullis was subjected to excessive force as I have defined it.

That concludes my discussion of the standards you will apply in deciding whether Mr. Tullis is entitled to prevail on his claims. If your verdict is for all the defendants, you will go no further. But if your verdict on is for Mr. Tullis against one or more defendants, you will consider the issue of damages.

Mr. Tullis seeks two kinds of damages: compensatory damages and punitive damages.

Compensatory damages are actual damages. You should assess as compensatory damages the amount you find to be justified by the greater weight of the evidence as full, just, and reasonable compensation for all the damages to Mr. Tullis caused by the excessive force. Damages must not be based on speculation or guesswork. On the other hand, compensatory damages are not restricted to loss of money; they also cover, and in this case they are limited to, the physical and

mental aspects of injury. Compensatory damages are an attempt to restore a plaintiff, that is, to make the plaintiff whole, as he was immediately before the injuries.

You should consider the following elements of compensatory damages, to the extent you find them proved by a greater weight of the evidence, and no others: bodily injury, including pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. No evidence of the value of these elements of damage has been or need be introduced. It is not value you are trying to determine, but an amount that will fairly compensate the plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded. Any award should be fair and just in the light of the evidence.

Now let me turn to the other type of damages—punitive damages. If you find that a defendant acted with malice or with reckless indifference to Mr. Tullis's right not to be subjected to excessive force, then you may award punitive damages against that defendant, if you choose to do so. Even if a defendant acted in that manner, you are not required to award punitive damages.

Punitive damages may be awarded only to punish a defendant or to deter others from engaging in similar misconduct. Any award of punitive damages must be fair and reasonable in light of the overall circumstances of the case. And any award of punitive damages must be no greater than necessary to punish the defendant or to deter others.

If you find that Mr. Tullis was subjected to excessive force but you do not award compensatory damages, you may still award punitive damages, and you may also award nominal damages in the amount of $10 or the like.

Of course, the fact that I have given you instructions on damages is not an indication of which side should win the case.

Now some concluding instructions.

The claim against each defendant is separate from the claim against each other defendant. Your verdict on the claim against any one defendant will not determine your verdict on the claim against any other defendant.

Any verdict must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other jurors. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because the others think differently or merely to get the case over with.

Remember that in a real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence.

When you go to the jury room you should first select a foreperson. The foreperson will preside over your deliberations and will speak for you here in the courtroom.

Case No.: 4:19cv225-RH

A verdict form has been prepared for your use. [Explanation of verdict form]. You will have in the jury room the exhibits, 8 copies of these instructions, and 8 copies of the verdict form. When you reach unanimous agreement, your foreperson will fill in the one original verdict form, date and sign it, and tell the court security officer you have reached a verdict. Do not give the verdict form to the court security officer. Your foreperson will carry the verdict form when you are brought back into the courtroom, and the verdict will be announced in open court. None of you should bring back into the courtroom another copy of the verdict form—the other copies are provided for your convenience, but they should not be filled out and signed or brought back into the courtroom.

I am the only person who can give you instructions or explain anything about the schedule or procedures from this point forward. If you have questions or wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The officer will bring it to me, and I will respond as soon as possible, either in writing or by having you returned to the courtroom so that I can address you orally. In any message or question you send, you should *not* tell me your numerical division at the time.

Case No.: 4:19cv225-RH